CHRISTOPHER J. CHRISTIE
United States Attorney
By: LOUIS J. BIZZARRI (LB:3903)
Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, New Jersey
(856) 757-5412        "DOCUMENT ELECTRONICALLY FILED"
    Attorney for Respondent

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM FAUCI, | : | HONORABLE JOSEPH H. RODRIGUEZ |
| Plaintiff, | : | |
| | : | Civil Action No. 04-CV-1834 (JHR) |
| vs. | : | |
| BUREAU OF PRISONS, et al. | : | |
| Respondent. | : | |

**RESPONDENT'S ANSWER AND OPPOSITION TO PETITION
FOR WRIT OF HABEAS CORPUS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ANSWER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FACTS AND PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENTS

    I. The Petition Should be Dismissed Because Petitioner Failed to Exhaust
       His Available Administrative Remedies . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    II. Petitioner Request for Immediate CCC Placement is Moot as
        He is Currently Housed at a CCC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## TABLE OF AUTHORITIES

### CASES

A.N.R. ex rel. Reed v. Caldwell,
    111 F. Supp. 2d 1294 (D.Ala. 2000) ................................................................. 8

Booth v. Churner,
    532 U.S. 731, 121 S.C. 1819 (2001) ................................................................. 5

Bridges v. Vasquez,
    151 F. Supp. 2d 1353 (N.D.Fla. 2001) ............................................................. 4

Chambers v. United States,
    106 F.3d 472 (2d Cir. 1997) ............................................................................ 4

Chong v. District Director, I.N.S.,
    264 F.3d 378 (3rd. Cir. 2001) ....................................................................... 8, 9

Christopher W. v. Portsmouth School Committee,
    877 F.2d 1089 (1st Cir. 1989) .......................................................................... 6

City of Los Angeles v. Lyons,
    461 U.S. 95, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) ................................... 8

Doe v. Delie,
    257 F.3d 309 (3d Cir., 2001) ........................................................................... 8

Irwin v. Hawk,
    40 F.3d 347 (11th Cir. 1994) ........................................................................... 7

Lewis v. Continental Bank Corp.,
    494 U.S. 472 (1990) ........................................................................................ 8

Martin v. Sargent,
    780 F.2d 1334 (8th Cir. 1985) ......................................................................... 8

Massey v. Wheeler,
    221 F.3d 1030 (7th Cir. 2000) ......................................................................... 7

Porter v. Nussle,
    534 U.S. 516, 122 S.C. 983 (2002) ................................................................. 5

Rogers v. United States,
    180 F.3d 349 (1st Cir. 1999) ............................................................................ 6

Spencer v. Kemna,
   523, U.S. 1, (1998) .................................................................................................... 8, 9

Steffel v. Thompson,
   415 U.S. 452 (1974) ...................................................................................................... 8

United States v. Barrett,
   178 F.3d 34 (1st Cir. 1999) ........................................................................................... 4

United States v. Flanagan,
   868 F.2d 1544 (11th Cir. 1989) .................................................................................... 7

United States v. Morales-Morales,
   985 F. Supp. 229 (D.P.R. 1997) ................................................................................... 7

**STATUTES**

U.S. Const. Article III, § 2 ........................................................................................................ 8

18 U.S.C. § 1001 ........................................................................................................................ 4

18 U.S.C. § 1956 ........................................................................................................................ 3

18 U.S.C. § 3624 (b) .................................................................................................................. 4

28 U.S.C. §2241 ........................................................................................................................ 4

28 U.S.C. § 2255 ........................................................................................................................ 5

42 U.S.C. 1997e(a) (PLRA) ............................................................................................... 5, 6, 7

**RULES**

28 C.F.R. §§ 542.10 .................................................................................................................. 6

28 C.F.R. § 542.10-542.16 ........................................................................................................ 7

28 C.F.R. §542.13 ..................................................................................................................... 6

28 C.F.R. §§542.14, 542.15 ...................................................................................................... 6

## ANSWER

Petitioner has not filed a formal petition in this case. A letter dated February 2, 2004 by Labe M. Richman, counsel for petitioner, to the Honorable Edward Korman, U.S. District Judge E.D.N.Y has apparently been treated by the Court as a "letter/petition". Because the letter does not contain numbered paragraphs, Respondent has taken the liberty to enumerate each paragraph for ease of reverence. A copy of the "letter/petition" is attached hereto as Exhibit 3.

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

2. The allegations contained in paragraph 2 constitute conclusions of law which require no answer; however, to the extent said allegations are deemed to be factual in nature, they are denied.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

6. The allegations contained in paragraph 2 constitute conclusions of law which require no answer; however, to the extent said allegations are deemed to be factual in nature, they are denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation(s) contained in paragraph 1 and on that basis denies said allegation.

14. This paragraph contains a prayer for relief to which no response is required.

WHEREFORE, Respondent prays that this petition be dismissed in its entirety with prejudice.

## FACTS AND PROCEDURAL HISTORY

Petitioner William Fauci, Register Number 67302-053, is a federal inmate who was incarcerated at the Federal Correctional Institution (FCI) Fairton, New Jersey, **until his placement at a Community Corrections Center on July 21, 2004.** On March 7, 2003, he was sentenced in the United States District Court for the Eastern District of New York to a 15-month term of imprisonment, with three (3) years of supervised release to follow, for Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956, and False Statements, in violation

of 18 U.S.C. § 1001. Assuming Petitioner is granted all Good Conduct Time available to him under 18 U.S.C. § 3624 (b), **his projected release date is August 24, 2004.** His pre-release preparation (also known as a 10% date) was July 21, 2004.[1]  See **Exhibit A**, SENTRY "Public Information Data" and **Exhibit B**, Sentence Monitoring Computation Data, attached to **Document 1**, Declaration of Michael D. Tafelski.

Petitioner initially filed this action in the Eastern District of New York, which by order of the Court on April 8, 2004, was transferred to this District. The petition challenges the recent policy change by the Bureau of Prisons regarding his placement in a halfway house and requests, among other things placement in a Community Corrections Center for more than the last 10% of his sentence.

The Petitioner was transferred from FCI Fairton to a Community Corrections Center in Philadelphia, Pennsylvania on July 21, 2004, and remains there today. See Declaration of James Bruce.

A §2241 petition must be brought in the district where the inmate is incarcerated. Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997); Bridges v. Vasquez, 151 F.Supp.2d 1353 (N.D.Fla. 2001). This Court has jurisdiction to hear Petitioner's claim under 28 U.S.C. §2241, since he is a federal prisoner attacking the execution of his sentence. United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999).

Section 2241 venue provisions indicate that the petition may be brought in the district court serving the institution where the petitioner is confined. See 28 U.S.C. § 2241(d). As

---

[1] The 10% date is the date that an inmate would have 10% of his sentence remaining, or the last 10% of the term to be served (pursuant to 18 U.S.C. § 3624 (c).

4

Petitioner was confined in a correctional facility in the District of New Jersey, venue in the District of New Jersey is proper.

Plaintiff was represented by counsel, Labe M. Richman, and petitioner seeks the following specific relief, "An order that petitioner be deemed eligible for Community Confinement under an older policy of the Bureau of Prisons applicable at the time of petitioner's offense, 28 U.S.C. § 2255; an, any other relief this Court deems just and proper". Respondent moves for a dismissal of the petition on the grounds that petitioner has failed to exhaust his administrative remedies and, because plaintiff has been transferred to a Community Correction Center, as of July 21, 2004, his petition is now moot.

### I. The Petition Should be Dismissed Because Petitioner Failed to Exhaust His Available Administrative Remedies.

The claim by Petitioner, challenging the new procedural change by the Bureau of Prisons regarding placement in a Community Corrections Center (CCC)(halfway house), is not properly before this Court because Petitioner has failed to exhaust the Bureau of Prisons administrative remedies available to him. See **Exhibit C**, SENTRY Administrative Remedy Generalized Retrieval, Tafelski Declaration. Therefore, this petition should be dismissed for failure to exhaust available administrative remedies.

The Prison Litigation Reform Act of 1995, as amended 42 U.S.C. 1997e(a) (PLRA), requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. Porter v. Nussle, 534 U.S. 516, 122 S.C. 983 (2002); Booth v. Churner, 532 U.S. 731, 121 S.C. 1819 (2001). The exhaustion doctrine "enables the agency to develop a

5

factual record, to apply its expertise to the problem, to exercise its discretion, and to correct its own mistakes, and is credited with promoting accuracy, efficiency, agency autonomy, and judicial economy." Christopher W. v. Portsmouth Sch. Comm., 877 F.2d 1089, 1094 (1st Cir. 1989) (*citing* McKart v. United States, 395 U.S. 185, 194 (1969)).

Under the Bureau of Prisons Administrative Remedy Program, federal inmates "may seek formal review of an issue which relates to any aspect of their confinement. . . ." 28 C.F.R. § 542.10. This Program, 28 C.F.R. §§ 542.10 et seq., outlines a three-level grievance procedure to resolve prisoner complaints, and federal inmates must adhere to this procedure before filing lawsuits related to conditions of confinement. 42 U.S.C. § 1997e(a); 28 C.F.R. § 542.10. In order to exhaust all process under the Administrative Remedy Procedure for Inmates, an inmate must first attempt to informally resolve the dispute with institution staff. 28 C.F.R. §542.13. If informal resolution efforts fail, the inmate may raise his or her complaint to the Warden of the institution in which he or she is confined, within 20 days of the date that the basis of the complaint occurred. 28 C.F.R. §§542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within 20 calendar days of the date of the Warden's response. 28 C.F.R. §§542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel's of the Federal Bureau of Prisons within 30 calendar days from the date of the Regional Director's response. See 28 C.F.R. §§ 542.14, 542.15. The administrative remedy process is not considered to be "exhausted" until an inmate's final appeal is denied by the Bureau of Prisons General Counsel.

Only after the inmate has pursued his grievance through each of the three levels has he exhausted the administrative remedies available to him. See, e.g., Rogers v. United States, 180

6

F.3d 349, 357-58 (1st Cir. 1999), cert. denied, 528 U.S. 1126 (2000) (noting that "it is well-established that a request for credit for prior custody . . . must be made, in the first instance, to the Attorney General through the Bureau of Prisons upon imprisonment after sentencing. Once administrative remedies are exhausted, see 28 C.F.R. § 542.10-542.16, prisoners may then seek judicial review of any jail-time credit determination.") (emphasis added); Irwin v. Hawk, 40 F.3d 347, 349 n.2 (11th Cir. 1994). After a prisoner has exhausted administrative remedies, if he is not satisfied with the prison's response, he may then seek relief from federal district court. Id.

The prison regulations "set out the procedures that prisoners must pursue prior to seeking relief in a district court," and make clear that "exhaustion of administrative remedies is jurisdictional." United States v. Morales-Morales, 985 F. Supp. 229, 231 (D.P.R. 1997) (internal quotations and citations omitted). See also 42 U.S.C. § 1997e(a) ("No action shall be brought . . . under [42 U.S.C. §1983] or any other Federal law by [an incarcerated prisoner] . . . until such administrative remedies as available are exhausted.") Thus, if an inmate fails to exhaust available administrative remedies, the Court lacks subject matter jurisdiction over his civil action and it must be dismissed. See, e.g., United States v. Flanagan, 868 F.2d 1544, 1546-47 (11th Cir. 1989) (prisoner's claim that his pre-sentence custody should have been credited against his sentence was not properly before the court because prisoner failed to exhaust administrative remedies available through federal prison system before seeking judicial review).

There is no "futility exception" to the exhaustion of administrative remedies requirement established by the PLRA, and the failure of a petitioner to plead exhaustion of all administrative remedies mandates dismissal of his claim without prejudice. Massey v. Wheeler, 221 F.3d 1030 (7th Cir. 2000). The exhaustion requirement cannot be waived based upon the belief that

7

pursuing administrative remedies would be futile. A.N.R. ex rel. Reed v. Caldwell, 111 F.Supp.2d 1294 (D.Ala. 2000).

In the present action, computerized records reveal that Petitioner has failed to exhaust available administrative remedies on the issue at hand. See **Exhibit C**, SENTRY Administrative Remedy Generalized Retrieval. Therefore, this petition should be dismissed for failure to exhaust available administrative remedies.

## II. Petitioner's Request for Immediate CCC Placement is Moot as He is Currently Housed at a CCC.

"The equitable remedy is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." City of Los Angeles v. Lyons, 461 U.S. 95, 111, 103 S.Ct. 1660, 1670, 75 L.Ed. 2d 675 (1983); Martin v. Sargent, 780 F.2d 1334 (8th Cir. 1985). It is well recognized that the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy. Steffel v. Thompson 415 US 452,459 (1974)(Emphasis in original) "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id at n. 10 See also, Doe v. Delie, 257 F.3d 309 (3d Cir., 2001)

In order to establish jurisdiction in Federal Court, a litigant must demonstrate the existence of an Article III, § 2 Case or Controversy or the case will be dismissed for mootness. Spencer v. Kemna, 523, U.S. 1, 7 (1998); Chong v. District Director, I.N.S., 264 F.3d 378, 383 (3rd. Cir. 2001). More particularly, the petitioner must show "an actual injury traceable to the [government] that is likely to be redressed by a favorable decision." Lewis v. Continental Bank

Corp., 494 U.S. 472, 477; Chong, 264 F.3d at 384. Therefore, a suit should be maintained only when a sentence adjustment will have "collateral legal consequences" on the petitioner.[2] See, Spencer, 523 U.S. at 10.

## CONCLUSION

For the foregoing reasons Respondent submits that the instant petition should be dismissed.

Respectfully submitted,
CHRISTOPHER J. CHRISTIE
United States Attorney


**s/ Louis J. Bizzarri**
By:  LOUIS J. BIZZARRI
Assistant U.S. Attorney

---

[2] A court will not dismiss a case as moot if: (1) secondary or 'collateral' injuries survive after the resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review;... or, (4) it is a properly certified class action. Chong, 264 F.3d at 384 (citation omitted).

9